UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS PENA, #291145,

      Petitioner,

v.                                                        CASE NO. 2:17-CV-12383
                                                     HONORABLE SEAN F. COX

THOMAS WINN,

      Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING THE HABEAS CASE AS DUPLICATIVE,
DIRECTING THAT THE HABEAS PETITION BE FILED IN A PRIOR CASE,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

Michigan prisoner Nicholas Pena ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. In his pleadings, he challenges his Lenawee County Circuit Court guilty plea convictions on two counts of the delivery of under 50 grams of cocaine, Mich. Comp. Laws § 333.74012, maintaining a drug house, Mich. Comp. Laws § 333.7405, and assaulting a police officer, Mich. Comp. Laws § 750.81(d)(1) for which he was sentenced to concurrent terms of five years seven months to 20 years imprisonment and one year four months to two years imprisonment in 2013.

Petitioner, however, has already filed a federal habeas action challenging the same convictions and his current incarceration which is pending in federal court. *See Pena v. Bauman*, Case No. 2:14-CV-12855 (E.D. Mich.) (Zatkoff, J., deceased). In that case, Judge Zatkoff stayed and administratively closed the case so that Petitioner could return to the state courts to fully exhaust state remedies as to his habeas claims. Petitioner was instructed to move to re-open that case to

proceed on an amended petition upon completion of his state court remedies. Rather than doing so, Petitioner filed the instant petition in the United States District Court for the Western District of Michigan and the case was recently transferred to this Court.

The instant action must be dismissed as duplicative and/or successive to his stayed petition. *See, e.g., Flowers v. Trombley*, 2006 WL 724594, *1 (E.D. Mich. March 17, 2006) *Harrington v. Stegall,* 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss habeas petition as duplicative of pending habeas petition when second petition is essentially same as first petition). Petitioner's pleadings should be submitted in his previously-filed case – which will be reassigned to this Court as the successor judge. Petitioner may not challenge the same convictions in two different habeas actions. Accordingly, the Court **DISMISSES** this case without prejudice. The Court **DIRECTS** the Clerk's Office to re-file the instant petition in Case No. 2:14-CV-12855 for further consideration. The Court makes no determination as to the merits of the petition at this time. This case is closed.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural

ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as any appeal from this non-prejudicial dismissal would be frivolous and cannot be take in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.

s/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: August 22, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 22, 2017, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager Generalist